```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                    JACKSON DIVISION
```

**LEWIS HUGH WILSON, ET AL.**                                    **PLAINTIFFS**

**VS.**                              **CIVIL ACTION NO. 3:05CV599-WHB-AGN**

**CITY OF JACKSON, MISSISSIPPI, ET AL.**                         **DEFENDANTS**


<u>**OPINION AND ORDER**</u>

This cause is before the Court on:

1) two Motions to Dismiss file by Defendant Nationwide Insurance Company (hereinafter "Nationwide"), neither of which was responded to by Plaintiffs; and

2) Plaintiffs' Motion for Default Judgment.

Having reviewed the pleadings, the Court finds that:

1) the initial Motion to Dismiss filed by Defendant Nationwide is well taken and should be granted;

2) the second Motion to Dismiss filed by Defendant Nationwide should be denied as moot; and

3) the Motion for Default Judgment is not well taken and should be denied.

Nationwide filed its initial Motion to Dismiss on January 16, 2006. Plaintiffs failed to file a Response to the Motion, and the time limit for filing a Response has expired. As Plaintiffs are proceeding in this case *pro se*, their pleadings must be liberally construed. <u>Pena v. United States of America</u>, 122 F.3d 3, 4 (5th

Cir. 1997).  However, Plaintiffs' complete failure to respond to Defendant's Motion to Dismiss is inexcusable. <u>Holly v. Mississippi Dept. of Corrections</u>, No. 4:98CV89-EMB, 1998 WL 911750 at *3 (N.D. Miss. Oct. 28, 1998)(holding that *pro se* plaintiffs must litigate suits under the Rules of Civil Procedure); <u>Martin v. Harrison County Jail</u>, 975 F.2d 192, 193 (5th Cir. 1992).  Therefore, pursuant to the authority granted this Court under Rule 7.2(C)(2) of the Uniform Local Rules of the United States District Courts for the Northern and Southern Districts of Mississippi,[1] the Court finds that the initially filed Motion to Dismiss of Nationwide is well taken and should be granted.  Because the initial Motion to Dismiss is granted herewith, the second Motion to Dismiss must be denied as moot.

Although not specifically cited in the initial Motion to Dismiss, the obvious ground on which Nationwide seeks dismissal is failure to state a claim for which relief may be granted, under Rule 12(b)(6).  When dismissal is based on Rule 12(b)(6), the dismissal is with prejudice in the vast majority of circumstances.  However, in at least two cases decided by the Untied States Court of Appeals for the Fifth Circuit, the court held that if a case is dismissed based on failure of a party to respond to a dispositive motion, then dismissal must be without prejudice. <u>John v. State of</u>

---

[1] Rule 7.2(C)(2) states "[i]f a party fails to respond to any motion, other than a motion for summary judgment, within the time allotted, the court may grant the motion as unopposed."

2

Louisiana (Bd. of Trustees for State Colleges and Universities), 757 F.2d 698, 709 (5th Cir. 1985); Arundar v. DeKalb County Sch. Dist., 620 F.2d 493, 493-95 (5th Cir. 1980).  Based on the holdings in John and Arundar, Plaintiffs' claims against Nationwide must be dismissed *without* prejudice.

Also before the Court is Plaintiffs' Motion for Default Judgment as to Defendant William Vick.  This Motion must be denied, without prejudice, because Plaintiffs failed have a Clerk's Entry of Default entered prior to filing the subject Motion, as required by Rule 55(a) of the Federal Rules of Civil Procedure.

Based on the holdings presented above:

IT IS THEREFORE ORDERED that the first Motion to Dismiss of Defendant Nationwide Insurance Company (docket entry no. 11) is hereby granted.  Defendant Nationwide Insurance Company is hereby dismissed from this cause, without prejudice.

IT IS FURTHER ORDERED that the second Motion to Dismiss of Defendant Nationwide Insurance Company (docket entry no. 12) is hereby denied as moot.

IT IS FURTHER ORDERED that Plaintiffs' Motion for Default Judgment (docket entry no. 14) is hereby denied without prejudice.

SO ORDERED this the 16th day of February, 2006.

s/ William H. Barbour, Jr.
UNITED STATES DISTRICT JUDGE

tct