IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION


LEWIS HUGH WILSON, ET AL.                                        PLAINTIFFS

VS.                                          CIVIL ACTION NO. 3:05CV599-WHB-AGN

CITY OF JACKSON, MISSISSIPPI, ET AL.                             DEFENDANTS


<u>OPINION AND ORDER</u>

This cause is before the Court on the Motion to Dismiss of Defendant Henry LaRose and Defendant Belhaven Improvement Association, Inc.  The Court finds that the Motion is well taken and should be granted.

Defendants filed the subject Motion to Dismiss on May 1, 2006. Plaintiffs failed to file a Response to the Motion, and the time limit for filing a Response has expired.  As Plaintiffs are proceeding in this case *pro se*, their pleadings must be liberally construed. <u>Pena v. United States of America</u>, 122 F.3d 3, 4 (5th Cir. 1997).  However, Plaintiffs' complete failure to respond to Defendants' Motion to Dismiss is inexcusable. <u>Holly v. Mississippi Dept. of Corrections</u>, No. 4:98CV89-EMB, 1998 WL 911750 at *3 (N.D. Miss. Oct. 28, 1998)(holding that *pro se* plaintiffs must litigate suits under the Rules of Civil Procedure); <u>Martin v. Harrison County Jail</u>, 975 F.2d 192, 193 (5th Cir. 1992).  Therefore, pursuant to the authority granted this Court under Rule 7.2(C)(2) of the Uniform Local Rules of the United States District Courts for

the Northern and Southern Districts of Mississippi,[1] the Court finds that the Motion to Dismiss is well taken and should be granted.

The ground on which Defendants seek dismissal is failure to state a claim for which relief may be granted, under Rule 12(b)(6). When dismissal is based on Rule 12(b)(6), the dismissal is with prejudice in the vast majority of circumstances.  However, in at least two cases decided by the Untied States Court of Appeals for the Fifth Circuit, the court held that if a case is dismissed based on failure of a party to respond to a dispositive motion, then dismissal must be without prejudice. John v. State of Louisiana (Bd. of Trustees for State Colleges and Universities), 757 F.2d 698, 709 (5th Cir. 1985); Arundar v. DeKalb County Sch. Dist., 620 F.2d 493, 493-95 (5th Cir. 1980).  Based on the holdings in John and Arundar, Plaintiffs' claims against Defendants LaRose and Belhaven Improvement Association, Inc. must be dismissed *without* prejudice.

Based on the holdings presented above:

IT IS THEREFORE ORDERED that Motion to Dismiss of Defendant Henry LaRose and Defendant Belhaven Improvement Association, Inc. (docket entry no. 17) is hereby granted.  Defendant Henry LaRose

---

[1]Rule 7.2(C)(2) states "[i]f a party fails to respond to any motion, other than a motion for summary judgment, within the time allotted, the court may grant the motion as unopposed."

and Defendant Belhaven Improvement Association, Inc. are hereby

dismissed from this case without prejudice.

SO ORDERED this the 1st day of June, 2006.


                                        s/ William H. Barbour, Jr.
                                        UNITED STATES DISTRICT JUDGE

tct

3